IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIANA OSTEEN, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-1033-O |
| | § | |
| TOM WERLICK, Warden,[1] | § | |
| FCI-Greenville Camp, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Diana Osteen, a federal prisoner confined at FCI- Greenville Camp, in Greenville, Illinois, against Tom Werlick, warden of FCI-Greenville Camp, Respondent.[2] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner is confined pursuant to her 2016 federal conviction in the Southern District of Illinois for possession of a listed chemical knowing it would be used to manufacture a controlled substance. Resp't's App. 1, ECF No. 20. Petitioner neither alleges nor demonstrates that she filed a petition for presidential clemency. Nevertheless, she contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act, which "provides that a reviewing court may set aside an agency action that violates the law." *Id.* at 2.

---

[1] In a habeas-corpus proceeding under § 2241, the proper respondent is the petitioner's immediate custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004); *Mounce v. Knighten,* 503 F.2d 967, 969 (5th Cir. 1974). Thus, the clerk of Court is directed to REMOVE the "Department of Justice" and "President Barack Obama" as party respondents.

[2] Petitioner was confined at FMC-Carswell in Fort Worth, Texas, when she filed her petition.

## II. ISSUES

Petitioner claims that the President and the Department of Justice (DOJ) have exercised presidential clemency power and executive action in violation of the United States Constitution. Pet. 1, ECF No. 1. Specifically, Petitioner asserts that the President and the DOJ, in violation of her right to equal treatment under the law, have administered the criteria for the Clemency Project 2014 in a discriminatory manner by rendering clemency recommendations and granting clemency "outside of their set criteria," by granting clemency to more men than women, and by denying clemency to inmates convicted of white-collar, non-violent crimes. Pet. 3, ECF No. 1. She also claims that Deferred Action for Parents of American and Lawful Permanent Residents ("DAPA) violates her right to equal treatment under the law by granting illegal aliens various privileges, such as amnesty and deferred prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. *Id.* at 3. She seeks declaratory relief and immediate release from custody. *Id.* at 4-5.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims. The Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to establish that judicial review under the APA is available as to her claims regarding the denial of clemency. Although the DOJ is an "agency" within the meaning of the Act, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the

president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria.

Furthermore, even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, a petitioner must show a federal constitutional violation. 28 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no constitutional right to clemency. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Because she has no constitutional right to clemency, she is not entitled to equal protection in connection with the procedure by which a petition for clemency is considered or a clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195 at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Lastly, Petitioner's claim under DAPA is meritless. Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 809 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 28th day of December, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE